IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| Michael Cheek and JoAnn Cheek | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Case 4:25-cv-00047-WMR |
| | * |
| Abney and Fountain Properties, LLC | * |
| Lavender Mountain Earthworks, LLC | * |
| Franklin Rene Fountain and | * |
| Michael Lane Redding, | * |
| | * |
| Defendants. | * |
| | * |

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

(a) **Describe briefly the nature of this action.**

This is an enforcement action under the Clean Water Act's citizen suit provision with supplemental state law claims. Plaintiffs Michael and JoAnn Cheek allege defendants violate the Clean Water Act by discharging stormwater associated with construction activity into waters of the United States without a permit. Defendants Abney and Fountain Properties, LLC and Franklin Rene Fountain (collectively "A&F Properties") deny that these stormwater discharges require a permit under the Clean Water Act.

1

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Land owned by Abney and Fountain Properties, LLC was cleared and graded. The Cheeks allege that stormwater conveys sediment from Abney and Fountain Properties, LLC's property into two streams and into a lake on the Cheek's property. The Cheeks also allege that these stormwater discharges are associated with construction activity for a planned solar farm, which requires a permit under the Clean Water Act. A&F Properties deny these allegations and contend the land disturbance on Abney and Fountain Properties, LLC's parcel is agricultural activity exempt from the Clean Water Act's permit requirement.

**(c) The legal issues to be tried are as follows:**

Whether defendants are liable for violating § 301(a) of the Clean Water Act by discharging pollutants without a permit issued under section § 402.

Whether defendants are liable for violating § 301(a) of the Clean Water Act by discharging fill material without a permit issued under section § 404.

Whether defendants are liable under supplemental state law claims for nuisance, trespass, negligence, negligence per se, expenses of litigation (including expert and attorney fees), and punitive damages.

2.  This case is complex because it possesses one or more of the features listed below: (please check):

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
__X__ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information


3. Counsel:

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Jon Schwartz
LAW OFFICE OF JON SCHWARTZ
1100 Peachtree Street NE, Suite 250
Atlanta, GA 30309
(404) 667-3047
jon@jonschwartz.net
*Attorney for Plaintiffs Michael and JoAnn Cheek*

**Defendants:**

Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.476.2009
Martin.shelton@lewisbrisbois.com
*Attorney for Abney & Fountain Properties, LLC and Rene Fountain*

**4. Jurisdiction: Is there any question regarding this Court's jurisdiction?**
  **_X_ Yes ____ No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

Defendants Abney & Fountain Properties, LLC and Franklin Rene Fountain dispute the Court's subject matter jurisdiction because the federal claims in this case (Clean Water Claims) should be dismissed. The federal claims here are Clean Water Act (CWA)'s citizen suit counts under 33 U.S.C. § 1365 alleging violations of CWA § 301 for discharging pollutants without an NPDES permit and filling a stream channel without a permit for the purpose of building a solar farm.  However, the disputed property was never disturbed for industrial activities, but for an expansion of the meadow area for grazing cattle. The farming and timbering activities on Defendants' property are exempt from the CWA.  Therefore, the CWA claims should be dismissed under the agricultural/silvicultural exemption. As a result, the Court lack federal question jurisdiction or diversity jurisdiction over the remaining supplemental claims and thus this case should be removed to State Court.

**5. Parties to this Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

Defendants contend that Franklin Rene Fountain is improperly joined as a party because Abney and Fountain Property, LLC is the actual owner of the property in concern. Mr. Fountain does not directly hold any ownership interest in the said property. Nor do Plaintiffs claim any individual liabilities on the part of Mr. Fountain. Therefore, Mr. Fountain is improperly joined and should be dismissed as a party.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings: Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:** None.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:** All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a) Motions to Compel:** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b) Summary Judgment Motions:** within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c) Other Limited Motions:** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d) Motions Objecting to Expert Testimony:** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:** The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:** Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. No.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to

**which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery is needed on whether defendants cleared the site for a planned solar farm, whether defendants cleared the site for a pasture, whether defendants violated the Clean Water Act, the remedy and penalty that should be imposed if this Court finds defendants liable for violating the Clean Water Act, whether defendants caused damage to the Cheeks and their property, and damages that defendants should pay if found liable under supplemental state law claims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties request that discovery be phased, with a four-month discovery period regarding nonprivileged matter that is relevant to whether defendants violated the Clean Water Act. Under LR 26.2, the discovery period shall start 30 days after A&F Properties files an answer. Within 30 days after the initial discovery phase ends, the parties anticipate filing cross-motions for summary judgment on defendants' liability for violating the Clean Water Act. After the Court issues an order on any motions for summary judgment, the parties would submit a proposed schedule for discovery related to issues that remain, including a remedy, civil penalties, liability for supplemental state law claims, and damages.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The scope of discovery from any witness retained or specially employed to provide expert testimony, or from any witness whose duties as a party's employee regularly involves giving expert testimony, will be limited to the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 30(c).

**(b) Is any party seeking discovery of electronically stored information? __X__ Yes ____ No If "yes," (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Videos, photos, and documents that do not image well (such as Excel spreadsheets and PowerPoint presentations) will be produced in native format, with an index identifying a document number for each native file (i.e., a Bates number). All other electronically stored information will be produced in searchable PDF format unless the requesting party asks for native format. The requesting party may ask for native format when requesting documents or after documents are produced.

**12. Other Orders: What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties request an order under Rule 16(b) so that a party with the burden of proof on an issue shall disclose Rule 26(b)(2)(B) expert reports on that issue no more than 60 days before the discovery period ends, and rebuttal reports shall be disclosed no more than 30 days before the discovery period ends. Any response to rebuttal reports will be due 30 days after production of rebuttal reports.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 5, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):**

/s/ Jon Schwartz
Jon Schwartz
LAW OFFICE OF JON SCHWARTZ
1100 Peachtree Street NE, Suite 250
Atlanta, GA 30309
(404) 667-3047
jon@jonschwartz.net
*Attorney for Plaintiffs Michael and JoAnn Cheek*

**For defendants: Lead counsel (signature):**

/s/ Martin A. Shelton
Martin A. Shelton – GA Bar No. 640749
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.476.2009
Martin.shelton@lewisbrisbois.com
*Attorney for Abney & Fountain Properties, LLC and Rene Fountain*
**Other participants:** Ke "Kim" Zhang and Heather Wells, for Abney & Fountain Properties, LLC and Rene Fountain

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**
**(\_X\_\_) A possibility of settlement before discovery.**
**(_____) A possibility of settlement after discovery.**
**(_____) A possibility of settlement, but a conference with the judge is needed.**
**(_____) No possibility of settlement.**

**(c) Counsel (\_\_X\_\_) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet scheduled.**

**(d) The following specific problems have created a hindrance to settlement of this case.** None


**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.**

**(b) The parties (\_X\_) do not consent to having this case tried before a magistrate judge of this Court.**

**SIGNATURES**

/s/ Jon Schwartz
Jon Schwartz, Ga. Bar No 631038
**LAW OFFICE OF JON SCHWARTZ**
1100 Peachtree Street NE, Suite 250
Atlanta, GA 30309
(404) 667-3047
jon@jonschwartz.net
*Attorney for Plaintiffs Michael and JoAnn Cheek*


/s/ Martin A. Shelton
Martin A. Shelton – GA Bar No. 640749
Ke "Kim" Zhang- GA Bar No. 310835
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.476.2009
Martin.shelton@lewisbrisbois.com
Kim.Zhang@lewisbrisbois.com
*Attorneys for Abney & Fountain Properties, LLC and Rene Fountain*


**SCHEDULING ORDER**

**Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:**

**IT IS SO ORDERED, this _____ day of _____, 2025.**


_____


**WILLIAM M. RAY, II**
**UNITED STATES DISTRICT JUDGE**